## ABBOTT v. SHANNON.

No. 27925.    March 1, 1938.

D. P. Hervey, for plaintiff in error.

Geo. R. Taylor, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error, herein referred to as plaintiff, against plaintiff in error, herein referred to as defendant, in an action for judgment on two promissory notes. The petition sets forth two separate causes of action.

Judgment was for plaintiff on the note upon which the second cause of action was based.

It is said that the action was dismissed as to the first cause of action, but no order to that effect appears in the record.

Defendant had filed his petition in error with case-made attached. The record is also certified as a transcript.

The time first allowed by the court within which to make and serve case-made was 60 days from the 27th day of November, 1926. That time expired January 26, 1937. No order extending the time was made until January 27, 1937, one day after the time originally allowed had expired. The court was without power to extend the time when the latter order was made. The case-made as such is therefore not properly before this

court. We can consider the appeal only as upon transcript.

Defendant asserts in his brief that in presenting this appeal he relies "solely on the fourth assignment of error," which is: "Error of the court in overruling the motion of plaintiff in error to dismiss the petition of defendant in error." He takes the position that, while the motion relied upon is styled motion to dismiss, it was in effect a demurrer, and should have been treated as such.

Treating it as such, it can be said to be no more than a general demurrer, which is to say that the petition did not state facts sufficient to constitute a cause of action. The substance of the motion is that the notes represented partnership transactions, and were in fact by a partnership known as Shannon & Abbott, composed of plaintiff and defendant, payable to Shannon. The note upon which the first cause of action was based apparently showed on its face that it was, if anything, a partnership obligation. But the note upon which the second cause of action was based did not so show. It purports on its face to be an individual transaction, a note made payable to L. O. Shannon and signed by defendant, "R. Abbott." The demurrer might have been good if directed only to the first cause of action. The second cause of action is a good cause on its face. The demurrer admits the truth of the allegations therein contained, and was not good as against the second cause of action. There was no error in overruling same. Furthermore the order overruling the motion (demurrer) shows no exception to the order of the court. Nowhere does the record show such an exception. Again the motion appears to have been overruled on May 18, 1936. No motion for a new trial was necessary in order to present the question of alleged error in overruling the motion. Petition in error was not filed until May 25, 1937, more than six months after the order was made. A motion for a new trial was filed within three days after the verdict of the jury, but the question of alleged error in overruling the motion was not contained in the motion for new trial.

It clearly appears that no error was made in the order; that no exception was saved.

Judgment affirmed.

OSBORN, C. J., and PHELPS, CORN, and HURST, JJ., concur.